WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh
Richard W. Slack

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
:
In re                                                          :    Chapter 11
:
DITECH HOLDING CORPORATION, *et al.*,     :    Case No. 19-10412 (JLG)
:
Debtors.[1]                                              :    (Jointly Administered)
:
---------------------------------------------------------------- X
:
ANGELA and KENNETH ELLISON              :
      Plaintiffs,                                         :
:    Adversary Proceeding No.
v.                                                             :
:    19-01296 (JLG)
DITECH FINANCIAL, LLC;                         :
      Defendant.                                       :
:
---------------------------------------------------------------- X

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST**
**FOR ENTRY OF DEFAULT BY THE CLERK OF THE COURT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant Ditech Financial, LLC ("Ditech") opposes the *Request for Clerk's Entry of Default* (ECF No. 7) (the "Request") filed by Plaintiffs Angela and Kenneth Ellison (collectively, the "Plaintiffs"):

## INTRODUCTION

1. Ditech opposes the request by Plaintiffs for a default for the simple reason that the Plaintiffs' attempted service was defective under the applicable rules. Debtors' counsel communicated with Plaintiffs, informed them of the defects in service, and offered to accept service in return for an agreement on a schedule to respond to the complaint. Instead of agreeing to a schedule, Plaintiffs filed a request for a default. The Court should deny the request for a default; Ditech remains willing to accept service of the adversary complaint in return for setting a schedule for the response.

## FACTUAL BACKGROUND

2. On June 11, 2019, Plaintiffs filed an adversary proceeding complaint against Ditech, purportedly seeking money damages, as well as injunctive and declaratory relief, for pre-petition conduct relating to a state-court foreclosure proceeding. ECF No. 1. (the "Adversary Proceeding").

3. The summons for the Adversary Proceeding was issued by the Bankruptcy Court Clerk's Office on June 12, 2019. ECF No. 2.

4. On August 27, 2019, Plaintiff Angela Ellison filed a notarized *Affidavit of Service* with the Court. ECF No. 5. Therein, she asserts that she made two attempts at service. First, she asserts that she served the summons and complaint upon Robertson Anshutz Vetters LLC, Ditech's foreclosure law firm, by email and fax, on June 13, 2019. *Id.* ¶ 2. Second, Plaintiff states that she served the Adversary Proceeding on July 26, 2019, by fax and UPS ground

shipment, upon Sunny Singh of Weil, Gotshal & Manges LLP ("Weil"), Ditech's counsel in the bankruptcy proceeding. *Id.* ¶ 3.

5. On September 10, 2019, Weil sent Plaintiffs a letter informing them that their attempts at service were defective under the Bankruptcy Rules and, in the interest of efficiency, offering to accept service in exchange for setting a schedule for the response – i.e., being able to answer, move or otherwise respond to the Adversary Proceeding by October 23, 2019. *See* September 10, 2019 Letter (attached hereto as Exhibit A).

6. On September 14, 2019, Plaintiffs replied that they believed that the service was proper, rejected Ditech's offer to accept service in exchange for a briefing schedule and asserted that they would instead seek a default judgment. *See* September 14, 2019 Letter to R. Slack (attached hereto as Exhibit B).

## DISCUSSION

7. Both of Plaintiffs' attempts at service were facially defective under the Bankruptcy Rules because they did not comply with any method of service authorized by Fed. R. Bankr. P. 7004, nor were the attempts made upon a proper recipient. Additionally, the second attempt on July 26, 2019 was defective because it was not made within seven days of the issuance of the summons. Plaintiffs' attempts at service were therefore defective. As a result, Ditech was under no legal duty to respond and thus cannot be considered in default.

### PLAINTFFS' ATTEMPTED SERVICE WAS IMPROPER AND DEFECTIVE

#### A. PLAINTIFFS' FIRST ATTEMPT AT SERVICE – JUNE 13, 2019

8. According to the Plaintiffs', on June 13, 2019, Plaintiff Angela Ellison sent the Adversary Proceeding complaint to Robertson Anshutz Vetters LLC by email and fax. ECF No. 5 ¶ 2.

3

9. The Bankruptcy Rules do not permit service by email or fax but instead require that service be effected by "first class mail postage prepaid." Fed. R. Bankr. P. 7004(b). This admitted failure to serve by a proper means is by itself sufficient to find that the service was defective under the Bankruptcy Rules.

10. Additionally, service was also deficient because service upon a law firm, Robertson Anshutz Vetters LLC, even if otherwise proper, does not constitute valid service under the Bankruptcy Rules. Ditech, which is both a corporation and a debtor in the bankruptcy proceeding, must be served either under Fed. R. Bankr. P. 7004(b)(3) (service of a corporation) or Fed. R. Bankr. P. 7004(b)(9) (service of a debtor). Under either provision, service must be sent by first class mail postage prepaid to the company or debtor itself, rather than their counsel. This requirement is made even clearer by Fed. R. Bankr. P. 7004(g) ("If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule**, service shall also be made** upon the debtor's attorney by any means authorized under Rule 5(b) F.R.Civ.P."). Thus, the Bankruptcy Rules make it abundantly clear that service upon a debtor's attorney alone is insufficient, even if the service wasn't otherwise defective.

11. As a result, Plaintiffs' June 13, 2019 attempt at service upon Ditech's non-bankruptcy counsel by fax and email is facially defective, because it was attempted in a manner not authorized by the Bankruptcy Rules and was attempted upon a person not authorized to be served. Ditech was therefore not obligated to respond to the Adversary Proceeding.

**B.    PLAINTIFFS' SECOND ATTEMPT AT SERVICE – JULY 26, 2019**

12. Plaintiff Angela Ellison states that, on July 26, 2019, she sent the Adversary Complaint, by fax and UPS ground shipment, to Sunny Singh of Weil.

13. The Bankruptcy Rules impose a time limit of seven days once a summons has been issued. Fed. R. Bankr. P. 7004(e). Once that time limit expires, a plaintiff is required to have another summons issued and served. Here, Plaintiffs' July 26, 2019 attempt at service was well after the June 12, 2019 summons had expired and Plaintiffs do not allege, nor is there any record of, an attempt to have another summons issued and served.

14. The deficiencies of the Plaintiffs' second attempt at service on July 26, 2019 also repeated the same deficiencies of the Plaintiffs first attempt at service on June 13, 2019: service by fax and UPS ground are not a valid method of service under Fed. R. Bankr. P. 7004(b)(3) (service of a corporation) or Fed. R. Bankr. P. 7004(b)(9) (service of a debtor). Under either provision, service must be sent by first class mail postage prepaid. In addition, service upon Bankruptcy Counsel alone – absent consent -- is deficient service. Fed. R. Bankr. P. 7004(g).

15. As a result, Plaintiffs' July 26, 2019 attempt at service upon Ditech's counsel was improper and therefore Ditech was not obligated to respond to the Adversary Proceeding.

**ABSENT PROPER SERVICE, DITECH WAS AND IS NOT REQUIRED TO RESPOND TO THE ADVERSARY PROCEEDING**

16. Courts within and outside the Second Circuit have uniformly found that failing to properly serve a summons and complaint creates no obligation on the part of the defendant to respond and that even if default were to be granted, it would be void. *See, e.g., In re Emmerling*, 223 B.R. 860, 866 (B.A.P. 2d Cir. 1997) (holding that an improperly served adversary proceeding constituted a "procedural nullity" and reversing default judgment); *Citizens Bank v. Decena*, 562 B.R. 202, 210 (E.D.N.Y. 2016) ("Fed. R. Civ. P. 55(a) only permits the entry of a default where a party 'has failed to plead or otherwise defend.' However, the [defendant] argues persuasively that, as a result of the [plaintiff's] failure to properly serve the adversary pleading by

5

certified mail, the [defendant] had no obligation to 'plead or otherwise defend' the allegations.") *In re Mersmann*, 505 F.3d 1033, 1043 (10th Cir. 2007), *abrogated on other grounds by United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ("The obligation to answer the adversary proceeding complaint is not triggered until the complaint is 'duly served' . . . Without proper service, the defendant cannot be said to have 'failed to plead or otherwise defend as provided by these rules'"); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside."); *In re Campbell*, 105 B.R. 19, 21 (B.A.P. 9th Cir. 1989) ("A default judgment entered when there has been no proper service of the complaint is void, and should be set aside."); *see also* Fed. R. Bankr. P. 7012(a) (making the defendant's obligation to respond to an adversary complaint contingent on the complaint being "duly served").

    17.  Similarly, courts have repeatedly held that "actual knowledge of a pending lawsuit of a pending lawsuit is no substitute for proper service." *Citizens Bank*, 562 B.R. at 211. *See also Bogle-Assegai v. Connecticut,* 470 F.3d 498, 508 (2d Cir. 2006) (rejecting plaintiff's argument that "defective service must be excused where the defendant has received actual notice and has shown no prejudice" as "unsupported by any authority of this Court"); *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 397 (S.D.N.Y. 2014) (dismissing plaintiff's argument that its unsuccessful service attempts satisfied the service requirements under the Rules because they provided actual knowledge because "a defendant's 'actual knowledge is no substitute for service.'") (quoting *S.E.C. v. Anticevic*, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009)); *In re Crysen/Montenay Energy Co.,* 166 B.R. 546, 554 (S.D.N.Y. 1994) ("[A]ctual knowledge of the action is not sufficient to deny its motion to dismiss, in that actual notice is no substitute for valid service of process.").

6

18. Because Plaintiffs' did not, and still have not, properly served Ditech with their Adversary Proceeding, the Court should deny the Plaintiffs' Request for default judgment. Ditech remains willing to accept service and to answer, move or otherwise respond upon the setting of a reasonable schedule.

Dated: New York, New York
      November 4, 2019

Respectfully Submitted,

/s/ Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh
Richard W. Slack

*Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Weil, Gotshal & Manges LLP**

BY MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Richard W. Slack**
+1 (212) 310-8017
richard.slack@weil.com

September 10, 2019

Angela Ellison
4800 Hideout Trail
Arlington, Texas 76016

Re: *Ellison v. Ditech Financial, LLC*, Adv. Pro. No. 19-01296 (JLG) (Bankr. S.D.N.Y. June 12, 2019)

Dear Mrs. Ellison,

      My firm represent the Debtors, one of which is Ditech Financial, LLC ("Ditech"), in *In re Ditech Holding Corporation*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 11, 2019). We have reviewed the *Affidavit of Service* (ECF No. 5) that you filed in regard to the above captioned adversary proceeding on August 27, 2019. Based on your affidavit, you have not properly served your adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7004. Not withstanding the above, and to avoid requiring you to have the summons reissued and served pursuant to Rule 7004(e), Ditech is willing to waive service, on the condition that Ditech's time to answer, move or otherwise respond to the complaint will be October 23, 2019.

      If you would like to discuss this matter, you can reach my colleague David Hill at 212-310-8361 or david.hill@weil.com.

Sincerely,

*/s/ Richard W. Slack*

Richard W. Slack

**Exhibit B**

Angela and Kenneth Ellison
Plaintiffs and Creditor *in Pro Se*
4800 Hideout Trail
Arlington, Texas 76016
817-516-0102
Angela_ellison@aol.com
Kwells58@aol.com

September 14, 2019

US Mail (certificate)
Richard W. Slack
Sunny Singh
Weil, Gotshal & Manages LLP
767 Fifth Avenue
New York, New York 10153

**In re:** Ditech Holding Corporation, et al. Case No. 19-10412, *Ellison v Ditech Financial, LLC* Adversary 19-01296- Rule 7004 Service

Dear Mr. Slack:

In response to your letter regarding Rule 7004 service, originally service was not proper. Ditech and their foreclosure firm Robertson Anschutz Vetters who is also listed on the EQIP Matrix for the Ditech Chapter 11, were made aware of the Summons and Complaint June 13, 2019, 2 days after the filing. Your firm was then faxed notice of the Summons and Complaint that was mailed UPS ground on 7.26.19 with delivery to your firm to Sunny Singh on 7.31.19.

Affidavit of Service is not Process Service. Your firm had a professional and ethical duty to operate in good faith to either plead a response, or challenge service for stipulation of a waiver of service agreement when you received the Summons and Complaint.

Further to that end, your firm is aware of the Adversary Proceedings via notice by operation of 10-10412, Ditech Bankruptcy Chapter 11 proceeding summons, and complaint issued by the clerk within Rule 7004-Ellison's case docket 696. Including the proof of claim filed April 25, 2019. Ordinary process of service is still within 90 days pursuant to F.R. Civ. P 4 (m).

I believe in all the foregoing service of the summons and complaint was corrected and proper and therefore, decline to accept waiver of service for Ditech and believe that Default Judgment is proper pursuant to Rule 7005 (F.R. Civ.P. 55) and NY CPLR §3215.

The motion for entry of default judgment (enclosed) has already been submitted.


Regards,

Angela and Kenneth Ellison
Plaintiffs and Creditor *in Pro Se*
Ph: 817-404-2107

**cc:**
Honorable James L. Garrity, Jr.
United States Bankruptcy Court
One Bowling Green
New York, NY  10004

**enclosure:** Motion for Entry of Default

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

*In re Ditech Financial, LLC., Et al,*
*Debtors*

Chapter 11
Case No. 19-10412 (JLG)

ADVERSARY CASE NO. 19-01296

Angela Ellison, Plaintiff and Co-Owner
Kenneth Ellison, Plaintiff and Creditor,

*In Pro Se* Plaintiffs
v.
*Ditech Financial, LLC, Defendants*

## MOTION FOR ENTRY OF DEFAULT BY CLERK

Angela Ellison and Kenneth Ellison Plaintiffs, moves this Court for entry of a default against the Defendant Ditech Financial, LLC and would show:

I. Service was made by summons in accordance with Federal Rule of Bankruptcy Procedure 7004 on the Defendant by serving, Sunny Singh at Weil, Gotshal, & Manges, LLP via fax and at the usual place of business, and by serving notice to Defendant's foreclosure firm Robertson Anschultz, Vetters via fax and email at the usual place of business.

II. No extension of time was sought by the Defendant.

III. Defendant have failed to file a responsive pleading or motion to the Complaint.

IV. Wherefore, Plaintiffs seeks a default against the Defendant as a result of the failure to respond.

DATED: August 13, 2019.

_____
Angela Ellison, Co-Owner, Plaintiff

_____
Kenneth Ellison, Plaintiff, Creditor

4800 Hideout Trail
Arlington, Texas 76016
Ph: 817-516-0102
Email: angela_ellison@aol.com
Email: kwells58@aol.com

## PROOF OF SERVICE

A true and correct copy of the foregoing has been sent by either electronic transmission or U.S. Mail on _Sept 13_ 2019, to: Sunny Singh at Weil, Gotshal, & Manges, LLP, 767 Fifth Avenue New York, NY 10153.

**Reference**[1]

---

[1] Defendant, Ditech Financial LLC, *In re Ditech Financial, LLC., Et al*